960 F.2d 1053
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
James L. HARROLD, Sr., Appellant,
v.
COMMISSIONER of INTERNAL REVENUE, Appellee.
 No. 91-3180.
 United States Court of Appeals, Eighth Circuit.
 Submitted: March 20, 1992.
Filed: April 17, 1992.
 
 Before JOHN R. GIBSON, FAGG, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 James L. Harrold, Sr., appeals from the decision of the United States Tax Court[1] for the Internal Revenue Service (IRS) in this tax dispute. We affirm.
 
 
 2
 Harrold petitioned the Tax Court for a redetermination of certain income tax deficiencies, concerning stock dividends and capital gains from the sale of stock, for the tax years 1980-1981. Harrold contended that this income was erroneously assigned to him, and that two trusts, Zident Educational Trust (Zident) and Zibiz Research Trust (Zibiz), owned the stocks, received the income, and paid taxes on this income where appropriate. The IRS alleged that Harrold created these trusts and transferred personal property and services to them in exchange for an interest in the trusts,[2] in an attempt to conceal his assets and to evade the payment of taxes.[3] Harrold argued that he was not a trustee of the trusts, that he could not and did not control them, and that the trustees were not related to him.
 
 
 3
 The Tax Court conducted a trial in the matter, at which the origins and activities of the trusts were explored. The Tax Court held that Harrold was the owner of the income-producing property and responsible for the taxes resulting from this income because the trusts were shams without economic substance apart from tax considerations. Harrold appeals, arguing, inter alia, that the trusts are valid entities under federal tax law.
 
 
 4
 "The question of economic substance is essentially factual, and the Tax Court's finding[s][are] not to be disturbed unless clearly erroneous." Massengill v. Commissioner, 876 F.2d 616, 619 (8th Cir. 1989).
 
 
 5
 We conclude that the Tax Court did not clearly err in finding that the trusts were shams without economic substance other than tax considerations. The evidence supports the Tax Court's finding that Harrold continued to use the furniture, appliances, and other property he had conveyed to Zident in the same manner as he had before the trust was created, without compensating Zident for this use. The evidence also supports the Tax Court's finding that Harrold dealt with the Zibiz property free from fiduciary restraints, as he lived rent-free in a furnished trailer purchased by Zibiz (purportedly as an investment) and used other Zibiz property at will. Further, the testimony of William J. Rea, Jr., a financial consultant, supports the Tax Court's finding that Harrold treated the stocks as his own. We have considered Harrold's other arguments and conclude that they lack merit.
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Howard A. Dawson, Jr., Senior United States Tax Court Judge
 
 
 [2]
 Harrold's children received the remaining interests
 
 
 [3]
 We note that Harrold was convicted of willfully attempting to evade or defeat the payment of federal taxes for the tax years in question. United States v. Harrold, 796 F.2d 1275 (10th Cir. 1986), cert. denied, 479 U.S. 1037 (1987)